```
          IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
                      DIVISION OF ST. CROIX

PUERTO RICO WIRE PRODUCTS, INC.   :       CIVIL ACTION
                                  :
          v.                      :
                                  :
COUNTRYSIDE DEVELOPMENT, INC.     :
d/b/a FERGUTRAX HEAVY             :
EQUIPMENT, et al.                 :       NO. 12-50
```

MEMORANDUM

Bartle, J.                                           February 27, 2015

Plaintiff Puerto Rico Wire Products ("PRWP") has sued defendants Countryside Development, Inc. d/b/a Fergutrax Heavy Equipment ("Fergutrax") and its president Dwayne Fergus ("Fergus") in connection with a breach of a contract between the parties involving the sale by plaintiff to Fergutrax of certain items of construction equipment. PRWP's seven-count complaint includes claims for a declaratory judgment, temporary restraining order, preliminary injunction, and permanent injunction; replevin; attachment; a constructive trust or resulting trust and an accounting; debt; incidental and consequential damages relating to breach of contract; and fraudulent inducement.

Before the court is the motion of PRWP for summary judgment.[1] Neither defendant has filed a response to PRWP's motion.

---

1. It appears that plaintiff only seeks summary judgment on Count II of its complaint, which pleads a cause of action for replevin.

I.

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Rule 56(c) states:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by ... citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations ..., admissions, interrogatory answers, or other materials; or ... showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).

A dispute is genuine if the evidence is such that a reasonable factfinder could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 254 (1986). Summary judgment is granted where there is insufficient record evidence for a reasonable factfinder to find for the plaintiffs. Id. at 252. "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the factfinder could reasonably find for the plaintiff." Anderson, 477 U.S. at 252.

Summary judgment is not appropriate, however, merely because there is no genuine issue of material fact. Instead, in ruling on a motion for summary judgment we must also ask whether "one party must prevail as a matter of law." Anderson, 477 U.S. at 251-52. Thus, a motion to which no response has been filed will not automatically be granted as unopposed. Anchorage Assocs. v. V.I. Bd. of Tax Review, 922 F.2d 168, 175 (3d Cir. 1990). While the facts asserted by the movant may be considered undisputed for the purposes of that movant's summary judgment motion, the movant must also be entitled to judgment as a matter of law. Id.

When ruling on a motion for summary judgment, we may only rely on admissible evidence. See, e.g., Blackburn v. United Parcel Serv., Inc., 179 F.3d 81, 95 (3d Cir. 1999). We view the facts and draw all inferences in favor of the nonmoving party. In re Flat Glass Antitrust Litig., 385 F.3d 350, 357 (3d Cir. 2004). However, "an inference based upon a speculation or conjecture does not create a material factual dispute sufficient to defeat entry of summary judgment." Robertson v. Allied Signal, Inc., 914 F.2d 360, 382 n.12 (3d Cir. 1990).

II.

The following facts are undisputed.

PRWP, a company with its principal place of business in Puerto Rico, is primarily engaged in the sale and rental of construction equipment. On March 24, 2010, PRWP entered into an

-3-

agreement with Fergutrax, a heavy equipment company located on St. Croix. Pursuant to that agreement, PRWP was to sell to Fergutrax five pieces of construction equipment, including a Skytrak 10054 (the "Skytrak") with a sale price of $67,000 and a Bobcat S175 (the "Bobcat") with a sale price of $20,000. These items were to be used in a St. Croix construction project on which Fergutrax had a subcontract with Better Roads Asphalt Corporation ("Better Roads"). PRWP and Fergutrax agreed that the five pieces of equipment would be paid for with five monthly payments of $62,610.

Through communications with Fergus, PRWP arranged to deliver the equipment to Fergutrax in or around March 2010. PRWP made this delivery but did not tender to Fergutrax any certificate of title, vehicle registration, or bill of sale. Fergutrax made none of the five payments which were due in exchange for the equipment. Instead, it sent to PRWP two checks for $20,000 in May 2010, at which time Fergus instructed PRWP not to deposit the checks until June 3, 2010. PRWP complied with this request, but when it did deposit the checks, they were returned by the bank for insufficient funds. In September 2010, Fergutrax tendered to PRWP an additional check in the amount of $30,000. PRWP did not apply this check to the amounts due under the March 2010 contract and instead used the funds to cover earlier outstanding invoices unrelated to the March 2010 equipment sale.

In September 2010, PRWP sought to recover the five pieces of equipment from Fergutrax on the ground that no payment had been received. At that point, Better Roads, which was still using the equipment for its construction project, asked PRWP if it could rent the equipment directly. PRWP complied and executed a "credit memo" cancelling out the charges levied against Fergutrax for the equipment and terminating the sale agreement. It thereafter entered into an agreement with Better Roads to rent the five pieces of equipment, an arrangement which continued through October 2011.

At the end of the rental period, three of the five pieces of equipment were returned to PRWP. Fergutrax and Fergus, however, had removed the two pieces, known as the Skytrak and the Bobcat, from the site of the construction project, and PRWP was unable to retrieve them. At the time PRWP filed its motion for summary judgment, the Skytrak and the Bobcat were still in the possession of Fergutrax and Fergus.

PRWP has made "repeated demands" to Fergutrax and Fergus for payment for or return of the Skytrak and Bobcat. As of the date of PRWP's motion for summary judgment, no certificate of title, vehicle registration, or bill of sale had ever been delivered by PRWP to Fergutrax or Fergus.

III.

In its motion for summary judgment, PRWP seeks replevin of the Skytrak and the Bobcat. Replevin enables a claimant to

-5-

recover personal property upon a showing, by a preponderance of the evidence, that it is the owner of said property and has a right to it. V.I. Code Ann. Tit. 5, § 211 annotation 1. This remedy is appropriate where a plaintiff shows that "although the defendant may have obtained possession of the property lawfully, the defendant's continued possession is wrongful." McDonald v. Frietze, 24 V.I. 170, 1989 WL 1739518 at *4 (V.I. Terr. Ct. 1989).

There is no genuine issue of material fact as to PRWP's status as the owner of the Bobcat and the Skytrak. The record is undisputed that PRWP retains title in the two pieces of equipment and that defendants never obtained title, vehicle registration, or a bill of sale for either item. Moreover, the record establishes without question that the property at issue is wrongfully detained by defendants. As a result, PRWP is entitled to judgment as a matter of law on the replevin demand advanced in Count II of its complaint.

A party prevailing in a replevin action may also recover damages for the defendant's wrongful detention of the property at issue. McDonald, 24 V.I. 170, 1989 WL 1739518 at *5. The rental value of the property in issue is considered a valid measure of such damages. Id. In its motion for summary judgment, PRWP requests an award of damages for the wrongful detention of the equipment in the amount of half of the rental value of the two items. Accordingly, it seeks to recover $2,925 for each month from April 2010 through

-6-

-7-

August 2010 and again from November 2011 through either a date two weeks after receipt of written notice from defendants that the vehicles are available for pickup or the date upon which PRWP actually recovers possession of the vehicles, whichever is earlier.

      Having reviewed the record, we find that no genuine issue of material fact exists with respect to PRWP's entitlement to recover the reasonable rental value of the Skytrak and Bobcat.  We conclude that PRWP is entitled to judgment as a matter of law on this request.  We will award to PRWP half of the reasonable rental value of the Bobcat and Skytrak for the period from April 2010 through August 2010 (inclusive) and for the period from November 2011 through February 2015 (inclusive).  Accordingly, judgment will be entered in favor of PRWP and against Fergutrax and Fergus, jointly and severally, in the amount of $131,625.